**MUNCK WILSON MANDALA, LLP**
Yael Tobi (SBN 231425)
ytobi@munckwilson.com
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 286-0377
Facsimile: (972) 628-3613

Attorneys for Claimant
MAREK RUDAK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>$340,000.00 IN U.S. CURRENCY AND MISCELLANEOUS PRECIOUS ITEMS,<br><br>            Defendants. | Case No. 2:21-CV-07505-MCS-JEM<br><br>**CLAIMANT MAREK RUDAK'S NOTICE OF MOTION AND MOTION TO DISMISS THE UNITED STATES OF AMERICA'S VERIFIED COMPLAINT FOR FORFEITURE**<br><br>Date:      March 7, 2022 (Monday)<br>Time:      9:00 a.m.<br>Location: Department 7C<br><br>Judge: Hon. Mark C. Scarsi<br><br>Complaint Filed: September 20, 2021 |

TO PLAINTIFF THE UNITED STATES GOVERNMENT AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on March 7, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Mark C. Scarsi, Courtroom 7C, 350 West 1st Street, 7th Floor, Los Angeles, California 90012, claimant Marek Rudak will and hereby does move, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) to dismiss the United States of America's (the "Government") Verified Complaint for Forfeiture ("Complaint").

Each of the Government's claims fails to assert a claim pursuant to FRCP 12(b)(6) as the Complaint does not allege with sufficient particularity that Defendant, $340,000.00 in U.S. Currency and Miscellaneous Precious Items ("Claimant's Property") is traceable to a proscribed unlawful transaction. 18 U.S.C. § 981(a)(1)(A), (C); *See also* FRCP SUPP AMC Rule G(2). The Complaint further fails to assert any claims that Claimant's Property was: "(1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws." *United States v. U.S. Currency, $30,060.00*, 39 F.3d 1039, 1041 (9th Cir. 1994); 21 U.S.C. § 881(a)(6).

Moreover, the Government has not plead sufficient factual allegations to establish the existence of an underlying criminal act. The Government has failed to allege facts to support its first claim for violation of the Controlled Substances Act under 21 U.S.C. § 841. The Complaint does not assert that Claimant distributed a controlled substance. There are no allegations as to Claimant's knowledge of any purported distribution. And, the Complaint is silent as to the type of controlled substance or the alleged amount of such substance.

The Complaint further fails to assert the second claim for fraudulent racketeering under 18 U.S.C. § 1961(1)(D). It fails to identify specific acts or omissions upon which a claim of fraud can be found. Indeed, the Complaint does

not provide any details as to the time, date, place, or other facts of the alleged fraudulent involvement of Claimant.  Rather, the Government's allegations are merely conclusory.

The Complaint fails to assert the third cause of action for money laundering under Section 1956.  The Government has not alleged (let alone with specificity) the existence of any financial transaction that Claimant participated in involving proceeds from alleged unlawful activity.  There is certainly no claim that Claimant had knowledge of such activities (which of course were not alleged in the first place). There are also no allegations asserting that Claimant had any intention to promote unlawful activity or knew of any transaction that was designed to conceal such activity.

The Complaint fails to assert the fourth cause of action for conspiracy to launder money under Section 1957(a). The Complaint is entirely lacking of any allegations that Claimant entered into an agreement to engage in any sort of monetary transaction derived from an alleged criminal activity. Instead, as with the rest of the claims, the Government merely makes conclusory statements without any factual support.

Additionally, the Complaint fails as Claimant is an innocent owner under 18 U.S.C. § 983 and is entitled to the return of his property.

Claimant further alleges that these deficiencies in the Complaint are fatal and that the Court should deny leave to amend.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 30, 2021.  Declaration of Yael Tobi, ¶3.

/ / /

/ / /

/ / /

/ / /

/ / /

1  This motion is based upon the attached memorandum of points and
2  authorities, request for judicial notice, the declarations of Yael Tobi and Marek
3  Rudak, the proposed order granting the motion, all pleadings and papers on file in
4  this action, such other and further matters as may be presented at any hearing on
5  this motion, and matters of which the Court may take notice.

                                              Respectfully submitted,

DATED: January 6, 2022         **MUNCK WILSON MANDALA, LLP**

                                        By: */s/ Yael Tobi*
                                               Yael Tobi
                                               Attorneys for Claimant
                                               MAREK RUDAK