# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$340,000.00 IN U.S. CURRENCY AND MISCELLANEOUS PRECIOUS ITEMS,<br><br>    Defendants. | Case No. 2:21-CV-07505-MCS-JEM<br><br>**[PROPOSED] ORDER GRANTING CLAIMANT MAREK RUDAK'S MOTION TO DISMISS THE UNITED STATES OF AMERICA'S VERIFIED COMPLAINT FOR FORFEITURE**<br><br>Date:      March 7, 2022 (Monday)<br>Time:     9:00 a.m.<br>Location: Department 7C<br><br>Judge: Hon. Mark C. Scarsi<br><br>Complaint Filed: September 20, 2021 |

# [PROPOSED] ORDER

The Court, having read and considered Claimant Marek Rudak's ("Claimant") Motion to Dismiss and supporting papers, and good cause having been found, therefore,

**IT IS HEREBY ORDERED THAT:**

A) Claimant's Motion to Dismiss is **GRANTED** pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) as follows:

1. The United States of America (the "Government") did not meet its burden of alleging with sufficient particularity that Defendant, $340,000.00 in U.S. Currency and Miscellaneous Precious Items ("Claimant's Property") is traceable to a proscribed unlawful transaction. 18 U.S.C. § 981(a)(1)(A), (C); *See also* FRCP SUPP AMC Rule G(2).  The Complaint fails to assert any claims that Claimant's Property was: "(1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws." *United States v. U.S. Currency, $30,060.00*, 39 F.3d 1039, 1041 (9th Cir. 1994); 21 U.S.C. § 881(a)(6).

2. The Government also failed to allege the existence of any underlying criminal act.

   (a) first claim for violation of the Controlled Substances Act under 21 U.S.C. § 841 fails to state a claim.  The Government failed to assert that Claimant distributed a controlled substance.  There are no allegations as to Claimant's knowledge of any purported distribution.  And, the Complaint is silent as to the type of controlled

substance or the alleged amount of such substance. 21 U.S.C. §§ 841(a)(1), (b)(1)(C); *$30,060.00*, 39 F.3d at 1041-43, 45.

(b) The Complaint fails to assert the second claim for fraudulent racketeering under 18 U.S.C. § 1961(1)(D). It fails to identify specific acts or omissions upon which a claim of fraud may be found. Indeed, the Complaint does not provide any details as to the time, date, places or other facts of the alleged fraudulent involvement of Claimant. Rather, the Government's allegations are merely conclusory. 18 U.S.C. §§ 1956(c)(7)(A), 1961(1)(D); *Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir.1985).

(c) The Complaint fails to assert the third cause of action for money laundering under Section 1956. The Government has not alleged (let alone with specificity) the existence of any financial transaction that Claimant participated in involving proceeds from alleged unlawful activity. There is certainly no claim that Claimant had knowledge of such activities (which of course were not alleged in the first place). There are also no allegations asserting that Claimant had any intention to promote unlawful activity or knew of any transaction that was designed to conceal such activity. 18 U.S.C. §§ 1956 (a)(1)(A)(i), (a)(1)(B)(i); *United States v. Real Prop. Located in Monrovia, California*, 217CV02155RGKAJW, 2017 WL 8232409, at *4 (C.D. Cal. Nov. 16, 2017).

   (d) The Complaint fails to assert the fourth cause of action for conspiracy to launder money under Section 1957(a). The Complaint lacks any allegations that Claimant entered into an agreement to engage in any sort of monetary transaction derived from an alleged criminal activity. Instead, as with the rest of the claims, the Government merely makes conclusory statements without any factual support. 18 U.S.C. § 1957(a); *United States v. Alghazouli*, 517 F.3d 1179, 1190 (9th Cir. 2008).

B) The Court further finds that the Complaint fails as Claimant is an innocent owner under 18 U.S.C. § 983 and is entitled to the return of his property.

C) The Court finds that the Complaint could not possibly be cured by the allegation of other facts and further amendments are likely to be futile.

D) For the foregoing reasons, the Court **GRANTS** Claimant's Motion to Dismiss in its **entirety WITHOUT** granting leave to amend.

E) The United States of America's Verified Complaint for Forfeiture is hereby **DISMISSED WITH PREJUDICE.**

F) The Government is **ORDERED** to return Claimant's Property to Claimant within 10 days of this Order.

**IT IS SO ORDERED**.

Date: _____  By: _____
            Honorable Mark C. Scarsi
            United States District Judge