TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Asset Forfeiture Section
      Federal Courthouse, 14th Floor
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2569/1785
      Facsimile: (213) 894-0142
      E-mail: Victor.Rodgers@usdoj.gov
              Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$340,000.00 IN U.S. CURRENCY AND MISCELLANEOUS PRECIOUS ITEMS,<br><br>Defendants.<br><br>MAREK RUDAK,<br><br>Claimant. | Case No. 2:21-cv-07505-MCS-JEM<br><br>**RESPONSE OF PLAINTIFF UNITED STATES OF AMERICA TO CLAIMANT'S MOTION PURSUANT TO FED. R. CIV. P. 12(b)(6) TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR FORFEITURE**<br><br>Date:          March 7, 2022<br>Time:          9:00 a.m.<br>Courtroom:     7C, the Honorable<br>                     Mark C. Scarsi |

**RESPONSE TO MOTION TO DISMISS**

**I.**

**INTRODUCTION**

Plaintiff United States of America ("the government") respectfully submits this response to the motion filed by claimant Marek Rudak ("Claimant") to dismiss the government's verified complaint for forfeiture pursuant to Federal Rule of Civil Procedure 12(b)(6).   For the reasons more fully explained below, and as reflected in the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), the government is not required to oppose the motion to dismiss on the merits at this time, but instead the government's opposition is not due until 21 days after Claimant has answered the government's Supplemental Rule G(6)(c) special interrogatories on standing.  <u>See</u> Supplemental Rule G(6)(c) ("[t]he government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b)[1] until 21 days after the claimant has answered these interrogatories").  Claimant has not answered the government's special interrogatories.

**II.**

**BACKGROUND REGARDING <u>IN REM</u> CIVIL FORFEITURE ACTIONS AND THE IMPORTANCE OF ARTICLE III STANDING.**

Claimant's motion to dismiss involves the role of special interrogatories, which are served pursuant to Supplemental Rule G(6),[2] in determining a claimant's standing in a civil forfeiture proceeding.  As a threshold matter, it is important to understand the critical role that challenges to standing play in civil forfeiture cases.

---

[1] Supplemental Rule G(8)(b)(i) provides "[a] claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)."  Claimant's motion is filed pursuant to Fed. R. Civ. P. 12(b)(6).

[2] The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") govern forfeiture actions <u>in rem</u> arising from a federal statute, like the instant case.  <u>See</u> Supplemental Rules A(1)(B) and G(1).  In addition, the Federal Rules of Civil Procedure also apply to <u>in rem</u> forfeiture actions, except to the extent that the Federal Rules of Civil Procedure are inconsistent with the Supplemental Rules.  <u>See</u> Supplemental Rule A(2).

1

In an in rem civil forfeiture case, the government is the plaintiff, the property is the defendant, and the claimant[3] is an intervenor seeking to challenge the forfeiture action.[4]  As intervenors, claimants must establish they have sufficient interest in the property to invoke the court's jurisdiction.[5]  If the claimant does not have a real interest in the property, there is no "case or controversy" and, consequently, no basis for a court to exercise jurisdiction under Article III of the Constitution.[6]  For that reason, a claimant's Article III standing is a threshold issue in every in rem civil forfeiture case.[7]

As many courts have recognized, the in rem nature of civil forfeiture actions creates a substantial danger that claims will be filed by persons with no real interest in

---

[3] A claimant is a person or entity which files a claim in an in rem civil forfeiture action.  Supplemental Rule G(5)(a)(i) provides that a person or entity which wishes to contest the forfeiture of the defendant property in a civil forfeiture action must file a verified claim identifying the claimant and claimant's interest in the defendant property.

[4] See United States v. One-Sixth Share, 326 F.3d 36, 40 (1st Cir. 2003) ("Because civil forfeiture is an in rem proceeding, the property subject to forfeiture is the defendant.  Thus, defenses against the forfeiture can be brought only by third parties, who must intervene"); United States v. All Funds in Account Nos. 747.034/278 (Banco Espanol de Credito), 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people.  The owner of the property may intervene to protect his interest").

[5] See United States v. $38,000.00 in U.S. Currency, 816 F.2d 1538, 1543 n. 12 (11th Cir. 1987) (because a civil forfeiture action is brought against the property in rem, and not against the claimant personally, the government has no burden of proof until the claimant demonstrates that he has "a legally cognizable interest in the property that will be injured if the property is forfeited to the government" sufficient to satisfy the case or controversy requirement).

[6] See United States v. Real Property Located at 5201 Woodlake Dr., 895 F. Supp. 791, 793 (M.D.N.C. 1995) ("in order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise, there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts") (citations and internal quotation marks omitted).

[7] See Via Mat International South America, Ltd. v. United States, 446 F.3d 1258, 1262 (11th Cir. 2006) ("standing is the 'threshold question in every federal case, determining the power of the court to entertain the suit'") (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)); United States v. One Lincoln Navigator, 328 F.3d 1011, 1013 (8th Cir. 2003) ("Article III standing is a threshold question in every federal court case"); United States v. Real Property Located at Section 18, 976 F.2d 515, 520 (9th Cir. 1992) (standing is a "threshold issue . . . [and] claimant has the burden of establishing, by a preponderance of the evidence, that he has an interest in the property") (citations omitted).

the property.[8]  Entirely frivolous claims may be filed by people who have no connection with the forfeiture case, while other claims may be filed by straw men, nominees, couriers or other third parties seeking to contest the forfeiture in their own names while concealing the identity of some person or entity who cannot or will not file a claim on his or its own behalf.  In such cases, pretrial challenges to a claimant's standing are a critical stage in the forfeiture case: they present the only opportunity for the court to weed out claims filed by improper claimants before the government must respond to motions (such as Claimant's Rule 12(b)(6) motion) filed by the claimants.  Accordingly, a great deal of forfeiture litigation involves challenges filed by the government to the claimant's standing to contest forfeiture.

Supplemental Rule G(8)(c)(ii)(B) sets forth three ways in which the government may challenge a claimant's Article III standing prior to trial:  a motion for judgment on the pleadings, a motion for summary judgment and a pretrial evidentiary hearing.[9]  If the government moves for judgment on the pleadings, all of the factual allegations in the claimant's claim are assumed to be true, and the motion may be granted only if the claim must be dismissed as a matter of law.[10]  Accordingly, a bald assertion of a possessory or

---

[8]  See, e.g., United States v. $100,348.00, 354 F.3d 1110, 1118-19 (9th Cir. 2004) ("the danger of false claims in [civil forfeiture] proceedings is substantial") (citation and internal quotation marks omitted); Mercado v. U.S. Customs Service, 873 F.2d 641, 645 (2d Cir. 1989) (there is a "substantial danger of false claims in forfeiture proceedings"); United States v. $138,381.00 in U.S. Currency, 240 F. Supp. 2d 220, 228 (E.D.N.Y. 2003) (same).

[9]  See United States v. $133,420.00 in U.S. Currency, 672 F.3d 629, 635 (9th Cir. 2012) (explaining the three ways the government can challenge standing under Supplemental Rule G(8)(c), and the different standards that apply in each case); Supplemental Rule G(8)(c)(i)(B) (noting that the government, at any time before trial, may move to strike a claim because the claimant lacks standing, and listing in Supplemental Rule G(8)(c)(ii)(B) the three ways in which the government may do so [i.e., a motion for judgment on the pleadings, an evidentiary hearing or a motion for summary judgment]).

[10]  See United States v. $133,420.00 in U.S. Currency, 672 F.3d at 638-40 (at the pleading stage, claimant need only make an assertion that, if true, would be sufficient to establish standing); United States v. 133 U.S. Postal Service Money Orders, 780 F. Supp. 2d 1084, 1090-91 (D. Haw. 2011) (when the government files a motion for judgment on the pleadings pursuant to Supplemental Rule G(8)(c), the standards in Fed. R. Civ. P. 12(c) apply).

ownership interest may suffice where the government files a motion for judgment on the pleadings.

But if the government requests an evidentiary hearing, a claimant cannot rely on the pleadings (i.e., the claim) but must instead establish his standing by a preponderance of the evidence.[11]  Similarly, if the government files a motion for summary judgment, a claimant again cannot rely on the pleadings (i.e., the claim) but must instead, because a claimant has the burden of proof on the standing issue, come forward with sufficient evidence to establish standing in order to have the right to oppose the summary judgment by showing that there are triable issues of material fact as to Article III standing.[12]

The purpose of Supplemental Rule G(6) is to provide the government at the outset of a civil forfeiture case with the means, by way of serving special interrogatories, of determining whether a claimant has standing to contest the forfeiture of the defendant property.[13]  Supplemental Rule G(6)(a) provides that "[t]he government may serve

---

[11] See United States v. $133,420.00 in U.S. Currency, 672 F.3d at 644 ("Although the burden of proving that the property is subject to forfeiture is on the Government, the burden of establishing standing is on the claimant") (citing Supplemental Rule G(8)(c)(ii)(B)); United States v. $500,000.00 in U.S. Currency, 591 F.3d 402, 404 n. 2 (5th Cir. 2009) ("the claimant opposing forfeiture bears the burden of establishing standing") (citation omitted); United States v. All Funds in the Account of Property Futures, Inc., 820 F. Supp. 2d 1305, 1329-32 (S.D. Fla. 2011) (claimant, who had the burden of establishing standing by a preponderance of the evidence, failed to show that he had authority to file a claim on behalf of the LLC of which he was a member); United States v. $162,576 in U.S. Currency, 2011 WL 5239747, *3 (M.D. Ga. Nov. 1, 2011) ("The claimant must carry the burden of establishing standing by a preponderance of the evidence") (citing Supplemental Rule G(8)(c)(ii)(B) and internal quotation marks omitted); United States v. $543,190.00 in U.S. Currency, 535 F. Supp. 2d 1238, 1247 (M.D. Ala. 2008) (court schedules evidentiary hearing at which claimant must establish standing based on admissible evidence).  See generally Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (the standing requirements are "indispensable" parts of the case that "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation") (citation omitted).

[12] See United States v. $133,420.00 in U.S. Currency, 672 F.3d at 638 (to defeat summary judgment, claimant cannot rely on allegations in his claim but must come forward with specific factual evidence of standing – a mere scintilla of evidence will not be sufficient to defeat a summary judgment motion).

[13] See Advisory Committee Notes to Supplemental Rule G(8)(c) (noting the "special role that subdivision (6) [i.e., the special interrogatories permitted by Supplemental Rule G(6)] plays in the scheme for determining claim standing"); United

(footnote cont'd on next page)

special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." A claimant's responses to the special interrogatories must be served within 21 days after the government serves the special interrogatories. See Supplemental Rule G(6)(b).

In holding that the government may draft the special interrogatories broadly to inquire into any matter necessary to "test the veracity of [the claimant's] claim of ownership," the Ninth Circuit in United States v. $133,420.00 in U.S. Currency also held that the government may use special interrogatories to inquire into the claimant's identity, the nature of claimant's interest in the property and the circumstances of claimant acquiring that interest,[14] including the time, place, manner and reason for acquiring the property and the identity of the person from whom the claimant acquired it.[15]

Should the government decide to challenge a claimant's standing,[16] the Supplemental Rules provide that courts must address that challenge before courts

_____
States v. $133,420.00 in U.S. Currency, 672 F.3d at 635, 642 ("the purpose of the rule is to permit the government . . . to gather information that bears on the claimant's standing;" e.g., special interrogatories may be used to "test the veracity of [claimant's] claim of ownership") (internal quotation marks omitted); United States v. $410,000.00 in U.S. Currency, 2007 WL 4557647, *7 & n. 5 (D.N.J. Dec. 21, 2007) (granting government's motion to compel responses to special interrogatories; such interrogatories are necessary to insure claimant has standing and to protect against nominee claimants).

[14] Id. at 642 (special interrogatories are not limited to asking claimant's identity and nature of claimant's interest in the property; if they were, they would ask for nothing more than what Supplemental Rule G(5) requires to be included in the claim); United States v. $2,051,660.00 in U.S. Currency, 2008 WL 8723566, *1 (D. Kan. Sept. 29, 2008) ("since Supplemental Rule G(5) already requires a claimant to give his name, address and to state ownership interest in the seized property, the addition of Supplemental Rule G(6) phrase regarding 'claimant's identity and relationship to the defendant property' must allow more than a mere recitation of the information already required by Supplemental Rule G(5)").

[15] Id.

[16] As mentioned above, challenges to standing via a motion to strike a claim via Supplemental Rule G(8)(c)(i)(B) are made in three different ways pursuant to Supplemental Rule G(8)(c)(ii)(B).

5

consider a motion to dismiss pursuant to Fed. R. Civ. P. 12 filed by a claimant.[17]

Accordingly, Supplemental Rule G(6)(c) provides that "[t]he government need not

respond to a claimant's motion to dismiss the action under Rule G(8)(b)[18] until 21 days

after the claimant has answered these interrogatories."  In applying Supplemental Rule

G(6)(c), courts have consistently held that the government need not respond to a

claimant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) until 21 days after

claimants have answered the government's Supplemental Rule G(6) interrogatories.[19]

---

[17] See Supplemental Rule G(8)(c)(ii)(A).

[18] Supplemental Rule G(8)(b)(i) provides "[a] claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)."

[19] See United States v. Approximately $750,000 in U.S. Currency, 2011 WL 6155687, *2-3 (S.D.N.Y. Dec. 8, 2011) (denying motion to dismiss as premature because government need not respond to it until 21 days after claimant answers special interrogatories, and because claimant's responses may provide a basis for the government to challenge standing, which must be resolved before the motion to dismiss); United States v. Real Property Located at 1108 Brookdale Court, 2009 WL 1851222, *2 (W.D. Mo. June 29, 2009) (under Supplemental Rule G(6)(c), the government is not required even to respond to motion to dismiss the complaint until 20 days after claimant has responded to Rule G(6) special interrogatories; under the prior version of Supplemental Rule G(6) in force when this case was decided, claimants had to respond within 20 rather than 21 days to Supplemental Rule G(6) interrogatories-see Advisory Committee Notes to Supplemental Rule G regarding 2009 statutory amendments); United States v. Approximately $658,830.00 in U.S. Currency, 2011 WL 5241311, *3 (E.D. Cal. Oct. 31, 2011) (because special interrogatories are intended to obtain information needed to determine claimant's standing, and because standing is a prerequisite to filing a motion to dismiss the complaint, the government need not respond to a motion to dismiss until claimant has answered the special interrogatories); United States v. $22,900.00 in U.S. Currency, 2014 WL 2574052 (M.D. Fla. June 9, 2014) (government need not respond to motion to dismiss until 21 days after claimant responds to Supplemental Rule G(6) interrogatories; denying motion to dismiss and holding that claimant could renew motion to dismiss after responding to the interrogatories).  See also United States v. $104,250.00 in U.S. Currency, 947 F. Supp. 2d 560, 565 (D. Md. 2013) ("Indeed, the importance of the standing issue and of the role of the special interrogatories is underscored by Rules G(6)(c) and G(8)(c)(ii)(A) which provide that the claimant must respond to the special interrogatories, and court must determine whether the claimant has standing to contest the forfeiture, before court addresses any other issue that the claimant may raise") (citations omitted).

### III.

### BECAUSE THE GOVERNMENT NEED NOT RESPOND TO CLAIMANT'S MOTION UNTIL 21 DAYS AFTER CLAIMANT PROPERLY RESPONDS TO THE GOVERNMENT'S SPECIAL INTERROGATORIES, AND STANDING CHALLENGES MUST BE DECIDED BEFORE A CLAIMANT'S MOTION TO DISMISS, CLAIMANT'S MOTION IS PREMATURE AND SHOULD BE DENIED WITHOUT PREJUDICE.

The government has filed an in rem civil complaint for forfeiture against defendants, alleging that the defendants are subject to forfeiture under proceeds and money laundering theories. Claimant has filed a claim to defendants, and a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim for which relief can be granted. The government has served Supplemental Rule G(6) special interrogatories and Claimant has not answered those interrogatories. Rodgers Decl. ¶ 2 and Ex. A. The government's Supplemental Rule G(6) special interrogatories virtually mirror the ones endorsed by the Ninth Circuit.[20]

Accordingly, Claimant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied without prejudice because it is premature. Supplemental Rule G(6)(c) makes clear that the government is not required to respond to the motion until 21 days after Claimant answers the government's Supplemental Rule G(6) interrogatories. Assuming that Claimant's answers are adequate (or after Claimant serves supplemental responses following the resolution of discovery motions if Claimant's answers are inadequate), the government will then decide whether to challenge standing.

---

[20] See United States v. $133,420.00 in U.S. Currency, 672 F.3d at 636.

# IV.

# CONCLUSION

For the reasons set forth above, the government respectfully requests that Claimant's motion to dismiss be denied without prejudice.

Dated: February 9, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

　　　　　/s/
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA