**MUNCK WILSON MANDALA, LLP**
Yael Tobi (SBN 231425)
ytobi@munckwilson.com
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 286-0377
Facsimile:  (972) 628-3613

Attorneys for Claimant
MAREK RUDAK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>$340,000.00 IN U.S. CURRENCY AND MISCELLANEOUS PRECIOUS ITEMS,<br><br>   Defendants. | Case No. 2:21-CV-07505-MCS-JEM<br><br>**CLAIMANT'S RESPONSE TO UNITED STATES OF AMERICA'S SUBMISSION REGARDING RELATED CASES** |

1  Claimant Marek Rudak respectfully submits this response to United States of America's (the "Government's") February 28, 2022 submission on related cases, which is littered with misleading statements, omissions, and bad-faith arguments that are intended to conceal the facts, delay the progress of this case, and run up Claimant's costs. The Government's continuing pattern of misconduct in this case justifies dismissal.

This District's Local Rules unambiguously require parties to promptly file a notice of related cases when a new case is filed. *See* L.R. 83-1.3.1; L.R. 83-1.3.2. Parties are required to file notices of related cases so the District Judges are fully informed and can determine the most appropriate assignment of the cases. The Government failed to file such a notice in this case, despite the fact that there were multiple cases that on their face are related, deal with nearly identical issues, and the Government (represented by the same counsel of record) was a party in all of them. When Claimant learned that there were multiple related cases that had not been disclosed to the Court, Claimant filed a Notice of Related Cases (Docket 36) -- because the Rules require it and the District Judges should be provided complete information regarding the docket. Claimant analyzed the cases in light of the conditions specified in the Rules, but did not advocate a particular assignment of this case.

Astonishingly, in its submission, the Government never explains why it failed to file a notice of related cases in this case. Nor does the Government claim this was an oversight. The Government effectively concedes it was required to file a Notice of Related Cases and to identify, at a minimum, *U.S. v. U.S. Private Vaults*, Case No. 21-cr-106-MCS (which Claimant also identified in its Notice), because, as the Government admits, the *Private Vaults* case is "relevant" to the current case. *See* Government's Response at 1. Yet, the Government does not offer any reason as to its failure to file a Notice of Related Cases.

1        Indeed, as noted above, the Government's conduct is inexcusable.  The Government clearly knew about the *Private Vaults* case and all the other cases Claimant identified at the time the present case began – the Government is a party to all those cases and is represented by the same lawyers. Each of the cases is facially related and in all (or virtually all)  the civil cases a claimant, as in the case here, sought the return of his property wrongfully seized by the Government in connection with the *Private Vaults* case.  The suggestion that such cases are unrelated is simply false.

         Indeed, to ensure compliance with the Local Rules, Claimant identified multiple related cases in his Notice, all of which arose from the Government's March 22, 2021 seizure and search of the contents of safe deposit boxes held at U.S. Private Vaults at 9182 Olympic Boulevard in Beverly Hills.  These cases all "ar[o]se from the same or a closely related transaction, happening, or event," as set forth in L.R. 83-1.3.1(a) and 83-1.3.2(a).

         In contrast, in its effort to cover its tracks and try to achieve some tactical advantage, the Government misleadingly represents to the Court that these cases do not qualify as related cases because they "pertain to *different transactions and occurrences* as they involve complaints/motions for return of property seeking the *return of the specific property by the plaintiffs in those cases* and not the property at issue in the instant civil forfeiture case. . . ." Government's Response at 1 (emphasis added).  Simply stated, the Government takes the position that although there was a single search and seizure by the Government of all the safe deposit boxes at the USPV location and although the Government has treated the USPV search as a single transaction in multiple other cases, including the *Private Vaults* case, and although in all (or virtually  all)  the other civil cases a claimant sought the return of the property he/she claimed the Government wrongfully seized (as is the case here) pursuant to the same search warrant, the Government's position in *this* case is that each safe deposit box constituted a *separate and unrelated transaction*.

1    The Government further asserts that "the other cases claimant cites are not related cases because they are *not civil forfeiture actions* filed by the government." Government's Response at 1 (emphasis added).  Of course, this position intentionally ignores the language of and practice surrounding L.R. 83-1.3.1 and 83-1.3.2, which do not require that all cases be civil forfeiture cases to qualify as being related cases and expressly contemplate that civil forfeiture cases filed by the Government can be "related cases" to other types of cases.  *See* L.R. 83-1.3.1 and 83-1.3.2. Simply put, while the procedural mechanism in each case might slightly vary, the crux of all (or virtually all) the civil matters identified in the Notice of Related Cases is simple: the government wrongfully seized claimant's property (in each of the other cases including this one) pursuant to the same search warrant; and, each claimant seeks the return of his/her property.

The Government also inaccurately represents that Claimant has not asserted Constitutional claims in this case, such as claims challenging the search and seizure of Claimant's safe deposit box: "claimant asserts that the cases are related because claimant is challenging the search and seizure of claimant's safe deposit box, but claimant has not made any such challenge in the instant case, [and] no such challenge was adjudicated in the dismissed cases that claimant asserts are related." Government's Response at 2.  The Government's assertion is inaccurate as to Claimant's position, and also misstates the issues raised in the other related cases. Claimant has repeatedly challenged the Government's improper search and seizure of Claimant's property on Constitutional grounds.  *See, e.g.,* Memorandum of Points and Authorities in Support of Claimant Marek Rudak's Motion to Dismiss at 4-5, 17-18.

Moreover, the Government asserts – somewhat bizarrely -- that Claimant's case is not related to other cases which Claimant identified as related, like the *Snitko* case, because the Government has already returned the improperly seized property in *Snitko*, but has not returned Claimant's property.  *See* Government's

1  Response at 2. This misses the point. Claimant has been seeking return of his
2  improperly seized property since the March 22, 2021 seizure and search on
3  Constitutional grounds and other grounds. That is why Claimant's case raises
4  extremely similar issues to *Snitko* and qualifies as a related case to *Snitko*.
5      Finally, the Government attempts to mislead the Court by inaccurately
6  suggesting that Claimant is still a party in the *Private Vaults* case. The Government
7  cited a motion for return of property filed by Claimant's prior counsel in August
8  2021, and represented to this Court that "claimant is listed in the docket [for the
9  *Private Vaults* case] as a party-movant in that case" – *in order to create the*
10 *inaccurate impression that Claimant is still in the Private Vaults case*.
11 Government's Response at 1. This is intentionally misleading, and the Government
12 knows it. The Government fails to disclose that Government's counsel, who is also
13 counsel of record in *Private Vaults*, filed a Joint Report in that case on January 19,
14 2022 (*Private Vaults* Docket 78) representing that:
15      "*With the exception of Rudak* and Mannan, *who will seek relief in other*
16      *proceedings*, the undersigned *expect all outstanding property to be*
17      *returned in the coming weeks.*"
18 *Private Vaults*, Joint Report, January 19, 2022 (*Private Vaults* Docket 78)
19 (emphasis added). As the Government knows, following its Joint Report, the
20 motion for return of property that the Government references was withdrawn
21 (*Private Vaults* Docket 79), and the Government filed a Plea Agreement for
22 Defendant U.S. Private Vaults on March 2, 2022 (*Private Vaults* Docket 85),
23 effectively seeking to terminate the *Private Vaults* case. This underscores the
24 misleading nature of the Government's misrepresentations.
25 ///
26 ///
27 ///
28 ///

1 | In sum, there is no excuse for the Government's consistent pattern of misconduct and overreaching directed at Claimant. The Government's continuous omission of material facts, failure to comply with Local Rules and this Court's Standing Order is further highlighted in Claimant's Reply in Support of his Motion to Dismiss. (Docket 34). Indeed, Claimant is hopeful that this Court will put a stop to the Government's abuse and overreach by dismissing this action and returning Claimant's property to him.

Respectfully submitted,

DATED: March 3, 2022

**MUNCK WILSON MANDALA, LLP**

By: */s/ Yael Tobi*
Yael Tobi
Attorneys for Claimant
MAREK RUDAK